**George B. CLARK, Plaintiff,**

v.

**The HOLBROOK UNIFIED SCHOOL DISTRICT NO. 3 OF NAVAJO COUNTY, et al., Defendants.**

**No. CIV 88–0148–PCT–RGS.**

United States District Court, D. Arizona.

Oct. 18, 1988.

As Amended Jan. 19, 1989.

Virginia Duquet, Window Rock, Ariz., S. James Anaya, Albuquerque, N.M., Stanley Halpin, Jean Hill, Lafayette, La., Hugh Hegyi, Window Rock, Ariz., for plaintiff.

A. Dean Pickett, Flagstaff, Ariz., Paul Brinkmann, Phoenix, Ariz., for defendants.

## ORDER

STRAND, District Judge.

## I. BACKGROUND:

Plaintiff, George B. Clark filed his complaint January 25, 1988 as a suit in equity under Section 2 of the Voting Rights Act of 1965, as amended 42 U.S.C. Section 1973 et seq., for declaratory relief and injunctive relief against "at-large" voting for the election of members of the Board of the Holbrook Public School District No. 3, and praying that this court; (1) declare that the at-large voting system is unconstitutional; (2) enjoin the defendants from holding any further elections under that system; (3) order into effect a single member district plan for future elections; (4) grant plaintiff costs and attorney's fees. Plaintiff filed an Amended Complaint on February 10, 1988 and on June 1, 1988 filed a Second Amended Complaint. Named as defendants are Holbrook Public School District No. 3. ("Holbrook"), elected members of the Board of Holbrook Public School Dist. No. 3 ("Board") and Bill Bennet, the Navajo County School Superintendent.

Holbrook is within Navajo County, Arizona. According to the 1980 census the population of the School District is (58.1%) non-Native American and (41.9%) Native American. The School District is governed by a five member board all of whom are elected by district wide voting. Plaintiff alleges that the State of Arizona and Holbrook have a long history of purposeful discrimination against and disenfranchisement of Native American voters which has denied them an opportunity to participate in the democratic process. Specifically, Native Americans have been unsuccessful

in electing a member to the Board given their percentage of the population because of racially polarized voting.

Defendants filed their answer on March 2, 1988 along with Motions to Dismiss for Failure to Join Indispensible Parties. Plaintiff filed his response on April 15, 1988 and defendants filed their reply on April 25, 1988. On September 2, 1988, plaintiff filed a Motion for Preliminary Injunction restraining defendants from taking any further steps toward conducting elections on November 2, 1988 to fill positions on the Board. At that time plaintiff also filed a Motion to Set Evidentiary Hearing on the Preliminary Injunction. On September 27, 1988, the defendants filed a Combined Response to Plaintiff's Motion for Preliminary Injunction. The defendants have also filed Motions in Limine. Plaintiff has filed his response to these motions. A status hearing was held so the parties could outline their positions with respect to the appropriateness of the application for a preliminary injunction. At the conclusion of the hearing it was agreed that the defendants would move the court to dismiss Plaintiff's Motion for Preliminary Injunction. These motions were received on October 7, 1988. On October 12, 1988, Plaintiff filed his response. The Motions In Limine and Motions to Dismiss are now before the court.

### A. Defendants' Motions to Dismiss

■ Both the State of Arizona and Holbrook Unified School District have filed Motions to Dismiss Plaintiff's Motion for Preliminary Injunction. The Court having reviewed the parties' pleadings finds there is insufficient evidence in the record to grant the motions. As such, defendants' motions are denied and the hearing previously scheduled for October 20, 1988 on plaintiff's Motion for Preliminary Injunction will commence on that date.

### B. Defendants' Motion In Limine (Analytical Framework)

■ Both defendants have filed Motions In Limine covering essentially the same issues. Therefore, the Court will treat them as one. Defendants' request that the court decide the appropriate analytical framework plaintiff must follow in presenting his case. Specifically, whether the Gingles 3–prong test or the Zimmer totality of the circumstances test will apply. Defendants contend the Gingles test is controlling. *Thornburg v. Gingles*, 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986). Under *Gingles*, the plaintiff must first satisfy three prerequisites. If the plaintiff is successful, the Court will then consider the so called Zimmer factors under a "totality of the circumstances" test. The *Gingles* factors are as follows:

a. That the minority group is sufficiently large and geographically compact enough to make a majority, if it were voting in a single-member district.

b. That it is politically cohesive.

c. That the majority votes sufficiently as a bloc to enable it in the absence of special circumstances, such as an unopposed minority candidate usually to defeat the minority's preferred candidate.

The plaintiff argues that *Zimmer v. McKeithen*, 485 F.2d 1297 (5th Cir.1973) is controlling. Under *Zimmer*, the plaintiff proves the existence of discriminatory voting procedures by presenting evidence which the court considers under a totality of the circumstances test. In order to meet this test, the plaintiff's evidence should establish the existence of seven objective factors outlined in *Zimmer*, 485 F.2d at 1305–06.

In the Ninth Circuit, *Gomez v. City of Watsonville*, 852 F.2d 1186 (9th Cir.1988), is the only case to address this issue. In *Gomez*, the court stated "[t]o ensure that it is actually the electoral device that impedes the ability of minorities to elect representatives of their choice, the appellants must establish certain prerequisites to maintain a Section 2 claim. At the threshold level, they must demonstrate a conjunction of the following circumstances." Id. at 1191. The court went on to outline the three *Gingles* factors and not until after the court had determined that these threshold factors were met did it consider the *Zimmer* factors. *See also, Mcneil v. Spring-*

*field Park District*, 851 F.2d 937 (7th Cir. 1988) (challenge to multi-member district cannot be sustained unless the Gingles preconditions are met). The Court finds that the *Gingles* 3–prong test is controlling. Plaintiff must first establish these preconditions before the Court will consider the *Zimmer* factors.

C. Defendants' Motion In Limine (Evidence of Election Results)

 Defendants have also requested the Court to determine which election results the plaintiff will be allowed to present as evidence of discriminatory voting.[1] The Court finds that evidence of voting patterns of persons who reside in the Holbrook Unified School District would be most probative of discriminatory voting in that district. This includes results of county-wide elections where the voting patterns of the nine precincts comprising the Holbrook Unified School District can be determined. However, the Court at this time will not allow evidence of election results where the voters within the Holbrook Unified School District precincts were not involved. However, the Court may allow such evidence to be presented in the future. *See, Carrollton Branch of NAACP v. Stallings*, 829 F.2d 1547 (11th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1111, 99 L.Ed.2d 272 (1988). (evidence of Municipal elections inappropriate where political jurisdiction was county).

Based on the foregoing,

IT IS ORDERED denying defendants' Motions to Dismiss.

FURTHER ORDERED granting in part and denying in part defendants' Motions In Limine as hereinabove set forth.

---

**1.** Plaintiff requests permission to present three levels of evidence.
 a. Election results in the precincts that comprise the Holbrook School District.
 b. Election results in Navajo County as a whole.

c. Election results in adjacent counties where Navajos also are present and votion in that county is consistently characterized by racial block voting.